JEFFREY T. THOMAS, SBN 106409
  jtthomas@gibsondunn.com
ANNE Y. BRODY, SBN 252279
  abrody@gibsondunn.com
SEAN S. TWOMEY, SBN 279527
  stwomey@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
3161 Michelson Drive
Irvine, CA 92612-4412
Telephone: 949.451.3800
Facsimile: 949.451.4220

Attorneys for Defendants ALLERGAN, INC.
and ALLERGAN BOTOX LIMITED

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| MIOTOX LLC, a California Limited Liability Company,<br><br>        Plaintiff,<br><br>  vs.<br><br>ALLERGAN, INC., a Delaware Corporation; ALLERGAN BOTOX LIMITED, an Irish Corporation, and DOES 1-25 inclusive,<br><br>        Defendants. | CASE NO. 2:14-cv-8723<br><br>**NOTICE OF REMOVAL TO FEDERAL COURT BY DEFENDANTS ALLERGAN, INC. AND ALLERGAN BOTOX** |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT, AND TO PLAINTIFF, AND ITS COUNSEL OF RECORD:**

    PLEASE TAKE NOTICE that Defendants Allergan, Inc. ("Allergan") and Allergan BOTOX hereby remove the state court action described below to the United States District Court for the Central District of California, Western Division, pursuant to 28 U.S.C. §§ 1331, 1338(a), 1446, and 1454(a).

### I.    STATEMENT OF THE CASE

    On October 8, 2014, Plaintiff Miotox LLC ("Miotox") filed a Complaint against Allergan and Allergan BOTOX Limited (which is now known as Allergan BOTOX)

(collectively, "Defendants") in the Superior Court of the State of California for the County of Los Angeles, entitled *Miotox LLC v. Allergan Inc. and Allergan BOTOX Ltd.*, Case No. SC123232.  Plaintiff served Allergan with a copy of the Complaint on October 9, 2014.  Plaintiff has not yet served a copy of the Complaint on Allergan BOTOX.  A copy of all process, pleadings, and orders served upon Allergan to date in the state court action has been filed concurrently with this Notice of Removal.  *See* 28 U.S.C. § 1446(a).

The Complaint alleges that Allergan and Allergan BOTOX have failed to pay certain royalties due under a license agreement between Plaintiff and Defendants, and sets out five causes of action: (1) breach of contract; (2) breach of the implied covenant of good faith and fair dealing; (3) unjust enrichment; (4) accounting; and (5) declaratory relief.  Each cause of action is rooted in Plaintiff's allegations that Defendants have failed "to pay Miotox a Royalty for every sale of Botox used to treat migraine headaches" as is allegedly required by the license agreement and based on five recently issued patents: U.S. Patent No. 8,420,106 ("the '106 patent"), U.S. Patent No. 8,491,917, U.S. Patent No. 8,617,569 ("the '569 patent"), U.S. Patent No. 8,883,143 ("the '143 patent"), and U.S. Patent No. 8,722,060 (collectively the "New Patents"), and under U.S. Patent No. 5,714,468 relating to the use of Botox to treat migraine headaches, which Allergan previously licensed until it expired on May 9, 2014.  *See, e.g.*, Complaint ¶¶ 7, 8, 30, 46, 65.

## II.   GROUNDS FOR REMOVAL

Defendants are authorized to remove this action to this Court pursuant to 28 U.S.C. §§ 1338(a) and 1454(a) based on Defendants' four counterclaims arising under federal patent law.  Specifically, Defendants assert counterclaims for: (1) a declaratory judgment of non-infringement of the '106 patent; (2) a declaratory judgment of non-infringement of the '143 patent; (3) a declaratory judgment that the '569 patent is invalid; and (4) a declaratory judgment that each of the New Patents is rendered unenforceable due to Plaintiff's misuse of the patents to attempt to obtain benefits

beyond those inhering in Plaintiff's statutory patent rights until such time as Plaintiff's misuse ceases.

Claims for relief in the form of a declaration that a patent is not infringed, is invalid, or is unenforceable based on misuse are all claims created by and arising under federal patent law. *See* 35 U.S.C. §§ 101, 102, 103, 112, 271(a)-(d), 282(b). This Court thus has exclusive original jurisdiction over Defendants' counterclaims for non-infringement, invalidity, and unenforceability based on patent misuse. *See* 28 U.S.C. § 1338(a). Under 28 U.S.C. § 1454(a), which creates an exception to the ordinary well-pleaded complaint rule, the defendant may remove a civil action in which "any party" asserts a claim for relief that arises under federal patent law, as each of Defendants' non-infringement, invalidity, and misuse counterclaims do here.[1]

Removal of this entire action is proper under 28 U.S.C. § 1454 because 28 U.S.C. § 1367(a) confers this Court supplemental jurisdiction Plaintiff's five state law claims. Defendants' counterclaims and Plaintiff's state law claims derive from a common nucleus of operative facts, and thus "form part of the same case or controversy." 28 U.S.C. § 1367(a). Each claim in Plaintiff's Complaint arises out of facts concerning an alleged obligation to pay royalties on the New Patents. Defendants' counterclaims are based on the same set of operative facts, alleging that one of the New Patents is invalid, that two of the New Patents are not infringed, and that in seeking royalty payments for sales of Botox for uses not covered by the valid claims of the New Patents, Plaintiff is misusing *all* of the New Patents to obtain benefits beyond those which inhere in the statutory patent rights. As a result, Defendants' counterclaims and Plaintiff's state law claims form part of the same case

---

[1] Under 28 U.S.C. § 1338(a), state courts lack jurisdiction over "any claim" arising under federal patent laws, including counterclaims. Defendants are thus unable to file their patent counterclaims in state court prior to removal and instead file their answer and counterclaims in federal court concurrently with this Notice of Removal.

or controversy and this Court has supplemental jurisdiction over Plaintiff's state law claims.

### III. VENUE

Plaintiff filed its Complaint in the Superior Court of the State of California for the County of Los Angeles, which is within this judicial district and division. *See* 28 U.S.C. § 84(c)(2). This Court is therefore the proper venue for removal under 28 U.S.C. §§ 1441(a), 1446(a), and 1454(a).

### IV. TIMELINESS

This Notice of Removal is timely pursuant to 28 U.S.C. §§ 1446(b) and 1454(b) because it is filed within 30 days of Allergan's receipt of the initial pleading on October 9, 2014. Receipt of an initial pleading means proper service as required by state law. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347–48 (1999). Plaintiff served Allergan with the initial complaint on October 9, 2014. The 30 day removal deadline would have been Saturday, November 8, 2014, but because the last day fell on a Saturday, the period is extended by Federal Rule of Civil Procedure 6(a)(1)(C) until Monday, November 10, 2014. Defendants' filing of this Notice of Removal on November 10, 2014, is therefore timely.

### V. NOTICE

As required by 28 U.S.C. § 1446(d), Defendants will promptly give written notice of this Notice of Removal to Plaintiff and will file a copy of the notice with the Clerk of the Superior Court for the County of Los Angeles.

### VI. CONCLUSION

For the foregoing reasons, Defendants respectfully state that this action, previously pending in the Superior Court of the State of California for the County of

///
///
///
///

Los Angeles, is properly removed to this Court, and Defendants respectfully request that this Court proceed as if this case had been originally filed in this Court.

Dated: November 10, 2014

                                              JEFFREY T. THOMAS
                                              ANNE Y. BRODY
                                              SEAN S. TWOMEY
                                              GIBSON, DUNN & CRUTCHER LLP

                                              By: /s/ Jeffrey T. Thomas
                                                                       Jeffrey T. Thomas

                                              Attorneys for Defendants ALLERGAN, INC. and ALLERGAN BOTOX LIMITED

# PROOF OF SERVICE

I, Arlene R. Thompson, declare as follows:

I am employed in the County of Los Angeles, State of California, I am over the age of eighteen years and am not a party to this action; my business address is 3161 Michelson Drive, Irvine, California, in said County and State.  On November 10, 2014, I served the following document(s):

**NOTICE OF REMOVAL TO FEDERAL COURT BY DEFENDANT ALLERGAN, INC.**

on the parties stated below, by the following means of service:

Mark D. Petersen
Christina R. Hollander
Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104

Email:  mpetersen@fbm.com; chollander@fbm.com

*Attorneys for Plaintiff*
*MIOTOX LLC*

☑ **BY UNITED STATES MAIL**: I placed a true copy in a sealed envelope or package addressed to the persons as indicated above, on the above-mentioned date, and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this firm's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited with the U.S. Postal Service in the ordinary course of business in a sealed envelope with postage fully prepaid. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing set forth in this declaration.

I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at Los Angeles, California.

☑ I am employed in the office of Jeffrey T. Thomas, a member of the bar of this court, and that the foregoing document(s) was(were) printed on recycled paper.

☑ **(FEDERAL)**   I declare under penalty of perjury that the foregoing is true and correct.

Executed on November 10, 2014.

*a. L. Thompson*
_____
Arlene R. Thompson

Gibson, Dunn & Crutcher LLP