JEFFREY T. THOMAS, SBN 106409
  jtthomas@gibsondunn.com
ANNE Y. BRODY, SBN 252279
  abrody@gibsondunn.com
MATTHEW C. PARROTT, SBN 302731
  mparrott@gibsondunn.com
SEAN S. TWOMEY, SBN 279527
  stwomey@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
3161 Michelson Drive
Irvine, CA  92612-4412
Telephone:   949.451.3800
Facsimile:    949.451.4220

Attorneys for Defendants ALLERGAN, INC.
and ALLERGAN BOTOX LIMITED

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| MIOTOX LLC, a California Limited Liability Company,<br><br>              Plaintiff,<br><br>   vs.<br><br>ALLERGAN, INC., a Delaware Corporation; ALLERGAN BOTOX LIMITED, an Irish Corporation, and DOES 1-25 inclusive,<br><br>              Defendants. | CASE NO. CV 14-08723-ODW (PJWx)<br><br>**JOINT REPORT REGARDING CASE SCHEDULE** |

Pursuant to the Court's February 18, 2016 Order Granting Stipulation to Continue Case Schedule (ECF No. 238), Allergan, Inc. and Allergan Botox Limited ("Allergan") and Miotox LLC ("Miotox") (collectively, "the Parties") hereby submit this Joint Report Regarding the Case Schedule.

As the Court is aware, this case consists of Miotox's claim that Allergan breached the Parties' Patent License Agreement by, *inter alia*, underpaying royalties, Miotox's claim for a declaration of Allergan's rights and duties under the License Agreement including, *inter alia*, its payment of royalties, and Allergan's counter-

claims for patent invalidity, non-infringement, and patent misuse.  Since the Court ruled on the Parties' summary judgment motions concerning the proper interpretation of the License Agreement (ECF No. 228), the Parties have been engaged in extensive settlement discussions (including in-person meetings, multiple phone calls and e-mails and exchanges of written materials) regarding the Parties' claims, as well as other issues central to the Parties' ongoing relationship.  For example, the Parties are negotiating revisions to the format of the royalty reports that Allergan provides Miotox, how Allergan will survey for licensed uses of Miotox's patents in non-U.S. countries, and the scope of certain extensions of the '468 patent equivalents in non-U.S. countries.

The Parties have also negotiated a revised survey procedure to address Allergan's U.S. royalty obligation under the License Agreement concerning four of the five issued and unexpired licensed patents in the U.S.[1]  And, with Miotox's consent, Allergan has deployed a revised survey in the U.S. reflecting that agreement.

As to the fifth issued and unexpired licensed patent in the U.S.—U.S. Patent No. 8,722,060 ("the '060 Patent")—the Parties disagree as to its scope.  The '060 Patent is directed to the use of Botox® to treat "migraine associated vertigo."  The Parties disagree regarding how the term "migraine associated vertigo" should properly be construed and, despite their good faith negotiations, the Parties do not believe that they will be able to resolve this issue without the Court's intervention.  Until the scope of the '060 Patent is determined, the Parties are unable to agree on the proper survey methodology for estimating the royalties owed on the '060 Patent.  If the Parties are

---

[1] The Parties are in agreement regarding the proper survey questions in the U.S. for U.S. Patent No. 8,491,917 and U.S. Patent No. 8,617,569 and have one outstanding issue to resolve for  U.S. Patent No. 8,420,106 and U.S. Patent No. 8,883,143.

Gibson, Dunn &
Crutcher LLP

2

able to resolve this one issue regarding the proper scope of the '060 Patent, they believe they can resolve the remaining claims via a negotiated settlement.[2]

Accordingly, the Parties request permission to engage in a limited claim construction for a single term of the '060 Patent. Pursuant to the Court's Patent Standing Order, the Parties propose the following schedule:

| | |
|---|---|
| Exchange of claim terms to be construed | March 31, 2016 |
| Exchange of "Preliminary Claim Constructions" | April 20, 2016 |
| File Joint Claim Construction and Prehearing Statement | May 4, 2016 |
| Completion of Claim Construction Discovery | May 13, 2016 |
| Opening Claim Construction Briefs | May 20, 2016 |
| Opposition Claim Construction Briefs | June 3, 2016 |
| *Markman* Hearing | To be set by the Court |

Dated: March 17, 2016

Respectfully submitted,

GIBSON DUNN & CRUTCHER LLP

By:  */s/ Jeffrey T. Thomas*
       Jeffrey T. Thomas

Attorneys for Defendants ALLERGAN, INC. and ALLERGAN BOTOX LIMITED

---

[2] While the Parties reserve their rights to pursue their claims and counterclaims, the Parties do not believe that will be necessary.

| | | |
|---|---|---|
| 1 | Dated: March 17, 2016 | Respectfully submitted, |
| 2 | | KAYE SCHOLER LLP |
| 3 | | |
| 4 | | By  */s/ Deborah E. Fishman* |
| | | Deborah E. Fishman |
| 5 | | Attorneys for Plaintiff MIOTOX LLC |

**ATTESTATION OF CONCURRENCE**

I, Jeffrey T. Thomas, am the ECF User whose ID and password are being used to file this Joint Case Management Statement. I attest that, pursuant to United States District Court, Central District of California Local Rule 5-4.3.4(a)(2), concurrence in the filing of this document has been obtained from counsel for Plaintiff Miotox, Inc. I declare under penalty of perjury that the foregoing is true and correct.

Dated: March 17, 2016              By:  */s/ Jeffrey T. Thomas*
                                            Jeffrey T. Thomas

Gibson, Dunn & Crutcher LLP

5