O

# United States District Court
# Central District of California

| | |
|---|---|
| MIOTOX LLC,<br><br>           Plaintiff,<br><br>     v.<br><br>ALLERGAN, INC.; and ALLERGAN BOTOX LIMITED,<br><br>           Defendants. | Case № 2:14-cv-08723-ODW(PJWx)<br><br>**ORDER GRANTING APPLICATION TO FILE UNDER SEAL [248]** |

Plaintiff Miotox LLC applied to this Court for an order permitting it to file under seal an exhibit to its claim construction briefing that was designated as "highly confidential" by Defendants Allegan, Inc. and Allegan Botox Ltd. (collectively "Allergan"). (ECF Nos. 243, 248.) Allergan filed two declarations in support of Miotox's request, in which they argue that they will suffer competitive harm if the exhibit in question is publicly disclosed. (ECF No. 249.) For the reasons discussed below, the Court **GRANTS** the application.

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). Thus, "a strong presumption in favor of access [to such records] is the starting point." *Id.* "A party seeking to seal a judicial record then bears the burden of overcoming this strong

presumption by meeting the compelling reasons standard. That is, the party must articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure . . . ." *Id.* at 1178–79. However, where the documents sought to be sealed are unrelated or only "tangentially related" to the underlying cause of action, the presumption of public access can be overcome simply by showing "good cause." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016).

The Court concludes that the document the parties seek to seal is more than "tangentially related" to the underlying claim. The document is being filed in support of Miotox's claim construction briefing. Far from being "tangentially related" to a patent infringement suit, the court's construction of the terms of the patent claim is often critical to the outcome of such a suit. *See Markman v. Westview Instruments, Inc.*, 517 U.S. 370, 374 (1996) ("Victory in an infringement suit requires a finding that the patent claim covers the alleged infringer's product or process, which in turn necessitates a determination of what the words in the claim mean."). Therefore, the parties must show that there are "compelling reasons" to overcome the presumption of public access to documents filed in support of claim construction briefing.[1]

Under the compelling reasons standard, "[the] presumption of access may be overcome only 'on the basis of articulable facts known to the court, not on the basis of unsupported hypothesis or conjecture.' The factors relevant to a determination of whether the strong presumption of access is overcome include the 'public interest in understanding the judicial process and whether disclosure of the material could result

---

[1] The Court rejects Allergan's argument that the "good cause" standard applies simply because claim construction briefing is a non-dispositive filing. (Twomey Decl. ¶ 5.) In *Chrysler Group*, the Ninth Circuit clarified that the whether the "good cause" or "compelling reasons" standard applied did not turn on the dispositive/non-dispositive distinction, but on whether the documents were more than "tangentially related to the underlying cause of action," 809 F.3d at 1097, despite language seemingly to the contrary in prior cases, *e.g.*, *Kamakana*, 447 F.3d at 1179; *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003); *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1212 (9th Cir. 2002).

in improper use of the material for scandalous or libelous purposes or infringement upon trade secrets.'  After taking all relevant factors into consideration, the district court must base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995) (citations and footnote omitted).  "In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to . . . release trade secrets." *Kamakana*, 447 F.3d at 1179 (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)); *Chrysler Grp.*, 809 F.3d at 1097 ("compelling reasons" include the potential disclosure of "sources of business information that might harm a litigant's competitive standing").

     Here, there does not appear to be any public interest in accessing records in this case that is greater than the public interest in accessing records in all civil cases.  There are no novel legal issues, issues of widespread interest or importance, or any particular public interest in the outcome of the case.  On the other hand, Allergan submits a declaration showing that they will suffer significant competitive harm if the exhibit is made public.  The document in question is a compilation of survey questions developed by Allergan that are sent to physicians that use Allergan's products, as well some of the data received from those surveys in aggregate form.  (Giese Decl. ¶¶ 5–6.)  While certain specific questions are presented to physicians for response, both the full compilation of questions and the data obtained from the surveys are kept confidential and are not publicly disclosed.  (*Id.* ¶ 7.)  Allergan invested substantial time and resources developing the these questions and obtaining the data, and permitting public access to this document would give Allergan's competitors the opportunity to copy or otherwise use these questions and data, thereby taking unfair advantage of Allergan's industry.  (*Id.* ¶¶ 7–8.)  Further, Allergan's competitors would be privy to Allergan's confidential marketing strategy and focus on physician specialties, and could use this

to undermine Allergan's position in the marketplace. (*Id.* ¶ 9.) Based on this, the Court finds that the parties have shown compelling reasons to file the document under seal.

For the foregoing reasons, Miotox's Application to File Under Seal is **GRANTED**. (ECF No. 248.) Miotox is directed to file and serve the document bearing Bates numbers AGN-MTX-27884 to AGN-MTX-27989 pursuant to Local Rule 79-5.2.2(c) and 79-5.3.

**IT IS SO ORDERED.**

June 2, 2016

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**